1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   FEDERAL HOME LOANS MORTGAGE              CASE NO.  1: 12-cv-00765-LJO-BAM
     CORPORATION,
12
                      Plaintiff,                           ORDER REMANDING CASE
13
                vs.
14
     NGOC LAN C. LE, *et al.*,
15
                      Defendants.
16   _____/

17                         **I.   INTRODUCTION**

18   **A.      The Notice of Removal**

19           Defendants Ngoc Lan C. Le, Quang Le and Min Lu (collectively, "Defendants"), proceeding

20   pro se, filed their Notice of Removal from the Stanislaus County Superior Court on May 10, 2012,

21   on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Def.'s Notice of

22   Removal, 2: 5-14, Doc. 1.)  In support of federal question jurisdiction, Defendants argue Plaintiff's

23   unlawful detainer action is really a federal question action arising under the Protecting Tenants at

24   Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.   (Def.'s Notice of Removal, 2-5, Doc. 1.)

25   Defendants argue that, post May of 2009, PFTA is the only basis for an action to eject a tenant after

26   May of 2009.  (Def.'s Notice of Removal, 2-5, Doc. 1.)  Defendants further assert that, under the

27   PTFA, the manner in which Plaintiff took possession of the Subject Property was unlawful.  (Def.'s

28   Notice of Removal, 2-5, Doc. 1.)

                                         1

**B.      Plaintiff's Complaint**

Plaintiff its Complaint on October 20, 2011, in Stanislaus County Superior Court.  (Pl.'s Compl., Doc. 1, Attach. 1.)  Plaintiff's Complaint presents an unlawful detainer action pursuant to California Code of Civil Procedure § 1161 *et seq.,* to recover possession or property following foreclosure proceedings.  *Id.*  In particular, Plaintiff alleges that it is the owner of and entitled to possession of real property located at 3893 Old Oak Dr., Ceres, CA 95307 (the "Subject Property").  Plaintiff alleges to have acquired the Subject Property by Trustee's Deed Upon Sale following foreclosure proceedings on May 31, 2011.  (Pl.'s Compl., ¶ 5, Doc. 1, Attach. 1.)  Plaintiff further alleges that on October 5, 2011, it served Defendants a written notice to quit and deliver possession of the property to Plaintiff within three days.  (Pl.'s Compl., ¶ 6, Ex. 2, Doc. 1, Attach. 1.) According to the Complaint, Defendants did not deliver possession of the property within three days, and remain in possession of the property without Plaintiff's consent.  (Pl.'s Compl., ¶¶ 7-8, Doc. 1, Attach. 1.)

## II.      ANALYSIS

**A.      Legal Standard Governing Removal**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.  Federal subject matter jurisdiction under 28 U.S.C. § 1331, based on the existence of a federal question, requires a civil action to arise under the Constitution, laws, or treaties of the United States. "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Moreover, "a court may raise the question of subject matter jurisdiction, ***sua sponte,*** at any time during the pendency of the action."  *Snell v. Cleveland, Inc.,* 316 F.3d 822, 826 (9th Cir. 2002) (emphasis added).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citations omitted).  Thus, "[f]ederal

1  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

2  (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant

3  always has the burden of establishing that removal is proper." *Id.*

4        A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears

5  on the face of the properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107

6  S.Ct. 2425, 96 L.Ed.2d 318 (1987). This rule makes the plaintiff the master of its claim in that the

7  plaintiff may avoid federal jurisdiction by exclusive reliance on state law.  *Id.*  Further, whether a

8  case arises under federal law does not depend upon matters raised in the answer or in counterclaims.

9  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-831, 122 S.Ct. 1889,

10  153 L.Ed.2d 13 (2002).

11  **B.**      **Whether There is Federal Question Jurisdiction**

12        Plaintiff asserts a single state law claim in its complaint for unlawful detainer under

13  California Civil Code section 1161 *et seq.*  A plaintiff bringing an unlawful detainer claim is entitled

14  to judgment upon establishing that the property at issue was sold in accordance with California Civil

15  Code section 2924 and that the requisite three-day notice to quit to defendant was served as required

16  in California Code of Civil Procedure section 116 (a).  *Litton Loan Servicing, L.P. v. Villegas*, 2011

17  WL 204322, at * 2 (N.D. Cal., January 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d

18  162, 168, 136 Cal. Rptr. 596 (1977)).  An unlawful detainer action arises solely under state law.  *See*

19  *Federal Home Mortgage Corp.,* v. *Garcia,* 2012 WL 467497 (E.D. Cal. 2012).  Thus, an unlawful

20  detainer claim such as the one asserted by Plaintiff here does not raise a federal question. *See Litton*,

21  2011 WL 204322, at * 2 (remanding unlawful detainer action to state court based, in part, on lack of

22  federal question jurisdiction); *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, at*2 (N.D.Cal.

23  Mar. 19, 2003) (same); *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D.Cal. Dec.6,

24  2010) (same); *Partners v. Gonzalez*, 2010 WL 3447678, at * 2-3 (N.D.Cal. Aug.30, 2010) (same).

25        Defendants suggest the PTFA is "<u>not</u> a defense" but is instead "the <u>entire basis</u> for the action

26  . . . ." (Emphasis in original.)  Defendants are mistaken - the PTFA is not a substitute for an

27  unlawful detainer action.  *See Federal Nat. Mortg. Ass'n. v. Detmer*, No. 12-cv-00550-AWI-SKO,

28  2012 WL 1435018 at *3 (E.D. Cal., Apr. 25, 2012).  "[D]efendant[']s assertions of the 'Protecting

Tenants at Foreclosure Act' are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." *First Northern Bank of Dixon v. Hatanaka,* No. 11–cv–02976 MCE-KJN, 2011 WL 6328713, at * 4 (E.D. Cal., Dec.16, 2011).  "[F]ederal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." *Aurora Loan Servs., LLC v. Montoya, No.* 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, at *4 (E.D. Cal., Nov. 9, 2011) (*citing SD Coastline LP v. Buck*, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at * 1–3; *Wescom Credit Union v. Dudley*, No. 10-cv-8203-GAF-SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("... provisions [of the PFTA] offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction."); *Aurora Loan Servs., LLC v. Martinez*, No. C10–01260 HRL, 2010 WL 1266887, at * 1 (N.D. Cal. Mar.29, 2010)).

### III.   CONCLUSION

Based on the foregoing, the Court does not have subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and Plaintiff's claims must be remanded to state court.  This case is REMANDED to Stanislaus County Superior Court.

IT IS SO ORDERED.

**Dated:    May 11, 2012**                    **/s/ Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE

4